JAMES C. NORRIS

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Mt. Vernon January 18, 1882.*

MURDER—*sufficiency of the evidence to convict.*  Where the deceased, who was shot by assassins, in his dying declaration stated that the defendant and his confederates were distinctly recognized by him at the time of the shooting, which was corroborated by another witness' testimony of a conversation with the defendant, which tended to show his guilty knowledge and

apprehension of arrest for the killing, and the defence was an *alibi* attempted to be shown by those charged as being confederates and actors in the homicide, and their relatives, it was *held*, that the evidence did not justify the court in granting a new trial on a conviction, and sentence of the defendant to the penitentiary for eighteen years.

Writ of Error to the Circuit Court of Williamson county; the Hon. Monroe C. Crawford, Judge, presiding.

Mr. William W. Clemens, for the plaintiff in error:

The law is, even in civil cases, and where the evidence is conflicting, if the verdict is against the clear weight and preponderance of the evidence it will not be allowed to stand. *Black* v. *McMullen,* 91 Ill. 32; *Dawson* v. *Robins,* 5 Gilm. 72; *Dufield* v. *Cross,* 13 Ill. 699; *Summers* v. *Stark,* 76 id. 210; *Bunker et al.* v. *Green,* 48 id. 247; *Jacquin* v. *Davidson,* 49 id. 83; *Bell* v. *Gordon,* 86 id. 501; *Southworth* v. *Hoag,* 42 id. 449; *Toledo, Wabash and Western Ry. Co.* v. *Moore, Admx.* 77 id. 219; *Chicago, Burlington and Quincy R. R. Co.* v. *Gregory,* 58 id. 274; *Lowry* v. *Orr et al.* 1 Gilm. 83.

The rule that an appellate court will not interfere to set aside a verdict unless it is palpably against the evidence, obtains in the largest sense in civil cases; the rule is not so strict in criminal cases, especially of a capital character. In criminal cases, new trials have been constantly granted by the Supreme Court upon its conviction that verdicts were not warranted by the proof. *Falk* v. *People,* 42 Ill. 333.

The Supreme Court reversed a conviction where the defence of an *alibi* was set up and maintained by one witness. *Otmer* v. *People,* 76 Ill. 153.

Mr. James McCartney, Attorney General, for the People, commented upon the evidence, contending that it was sufficient to sustain the conviction, and upon the evidence of an *alibi,* and to show that a new trial should not be granted in such a case as this, cited *Connaghan* v. *People,* 88 Ill. 460; *Needham* v. *People,* 98 id. 275; *Higgins* v. *People,* id. 519.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

At the May term, 1876, of the Williamson county circuit court, the plaintiff in error was convicted of the murder of James Henderson, and sentenced to the penitentiary for the term of eighteen years. This writ of error is prosecuted for the purpose of having that conviction reversed, on the ground that it is not sustained by the evidence.

That James Henderson was murdered, is not a matter of controversy. The claim of plaintiff in error is, that he had no participation in the act. Henderson was shot by assassins, concealed, at first, behind a log heap, some thirty or forty yards distant, while he was reclining upon his elbow, which rested on the ground, with his back toward the assassins. There were three of the assassins, each armed with a shotgun, and they fired, in all, some six or seven times. Immediately after they fired the first time, he turned his body so as to face them, and his dying declaration was that they were in his sight near five minutes, and that they were plaintiff in error, and John Bulliner, and either Emanuel or Monroe Bulliner. His statement is, to some extent, corroborated by the evidence of Jacob Beard, who testified to a conversation had with plaintiff in error on the 21st of May, 1874, in Cairo, tending to show, at least, guilty knowledge and apprehension of arrest in consequence of the shooting of Henderson.

The defence was that of an *alibi*,—that plaintiff in error, at the time of the shooting, was in McNairy county, Tennessee. The evidence by which it is supported, consists, in part, of the testimony of the Bulliners, who are themselves implicated in the shooting, in part of the testimony of their relatives, and in part of the testimony of others not apparently interested. It was, under all the circumstances, a fair question for the jury what effect should be given to this evidence. The Bulliners certainly were interested in discrediting Henderson's dying declaration, and their relatives were interested, in less degree only, the same way. We do not

regard the *data* given by the other witnesses as that by which they claim to know that plaintiff in error was in McNairy county, Tennessee, at the time of the shooting, as beyond question, and a slight mistake in that regard makes their evidence worthless.

We do not, under all the circumstances, feel warranted in saying the conviction is not sustained by the evidence.

The judgment is affirmed.

*Judgment affirmed.*